IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Dr. Morgan Middleton, Ph.D., | ) |
| Plaintiff, | ) |
| vs. | ) Case No: 1:21-cv-2251 |
| Christel House International Inc., an Indiana Domestic Nonprofit Corporation | ) |
| Defendant | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Morgan Middleton, ("Middleton" or "Plaintiff") by and through her counsel of record, Mary H. Kinas and Kinas Law Office, LLC, hereby files her Complaint against Defendant Christel House International Inc. ("Christel House" or "Defendant") as follows:

1. At all relevant times, Middleton was a resident of Madison County, Indiana.

2. Middleton is a Caucasian female and is currently 51 years old.

3. Defendant Christel House International Inc. is a nonprofit corporation properly licensed to do business in the State of Indiana.

4. Defendant is an employer engaged in an industry affecting commerce with fifteen (15) or more employees. Including part-time and seasonal employees, upon information and belief, Christel House had more than fifty (50) employees during any statutorily relevant time period.

5. As an employer with more than fifteen (15) employees, Defendant is required to comply with all state and federal statutes and laws prohibiting discrimination because of race, disability, sex or age.

1

## JURISDICTION AND VENUE

6. This action is brought pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq. and the Family and Medical Leave Act.

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b), as Defendant was conducting business in Marion County, Indiana and the unlawful employment practices complained of arose out of the Southern District of Indiana.

8. Middleton filed her Charge of Discrimination with the United States Equal Employment Opportunity Commission in a timely fashion on or about February 11, 2021, a true and correct copy of which is attached hereto as "Exhibit 1."

9. On May 17, 2021, the Equal Employment Opportunity Commission issued "Notice of Right to Sue" to Dr. Middleton, a true and correct copy of which is attached hereto as "Exhibit 2."

10. Middleton received her Right to Sue Letter regarding this Charge against Defendant on or about May 20, 2021, less than ninety days prior to the filing of this Complaint.

11. Middleton has satisfied all administrative and jurisdictional conditions precedent to filing this Complaint.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. At all times relevant, Plaintiff suffered a medical disability and medical condition which include but are not limited to widespread pain, heart palpitations, dizziness and confusion. These debilitating medical conditions substantially limited one or more of her major life activities.

13. Plaintiff therefore suffered from a disability and was a qualified individual as that term is defined in 42 USC § 12111.

14. Morgan Middleton is a highly trained, licensed and experienced special education teacher. She has a B.S. in Special Education, an M.B.A. and a Ph.D. in Elementary Education. She has been either in the classroom, training other teachers or developing/implementing

programs since 1993, and as such has a broad familiarity with the laws and regulations surrounding special education.

15. Middleton was hired at Christel House in July of 2019 with the title of Special Education Teacher after over 12 years with Indianapolis Public Schools.

16. Middleton was successful in her employment at Christel House, with no performance write-ups and good relationships with fellow faculty and students and their families.

17. Middleton informed Emily Masengale, founding principal of the Christel House DORS section and her supervisor at the time, of her disability, namely widespread pain, heart palpitations, dizziness and confusion on or about February 26, 2020.[1]  These symptoms caused (among other things) "fogginess" and memory issues, occasionally interfering with her thinking processes.

18. Middleton informed Noel Wilson, current principal of Christel House Ivy Tech, of her confusion, dizziness and pain on or about February 28, 2020.

19. Middleton had many appointments with physicians and other specialists over the following months to determine the cause of her severe symptoms.

20. Dr. Middleton has subsequently learned that she has MCAS (Mast Cell Activation Syndrome), a disease in which she the mast cells in the body release too much of the substances inside them at the wrong times.  This disease essentially causes very frequent allergic-type reactions, and dizziness, confusion and extreme tiredness are listed as common symptoms.

---

[1] Christel House's Position Statement to the EEOC mentions migraine headaches as Ms. Middleton's only claimed disability.  In fact, Ms. Middleton never mentioned migraine headaches as a problem to Christel House management.  Her claimed disabilities are widespread pain, heart palpitations, dizziness and confusion.  See EEOC Charge attached hereto as Exhibit

21.     Christel House DORS went to virtual learning on or about March 16, 2020.  Ms. Middleton was provided with no job description or lists of expectations about how her job would change during the Covid-19 pandemic.

22.     Dr. Middleton approached Noel Wilson with a request for an accommodation in late spring 2020.  Ms. Middleton asked for help due to her tiredness, dizziness and confusion.  Ms. Wilson cruelly replied, "Oh you need help alright."  Dr. Middleton followed up with asking for another staff member part-time to assist her with her workload.  Ms. Wilson replied, "We both know that's not going to happen."  This interaction was witnessed by a fellow Christel House staff member.

23.     Through the spring and summer of 2020, Dr. Middleton continued with her teaching responsibilities and stayed in constant contact with her supervisors, all while battling her severe dizziness and confusion symptoms.

24.     Noel Wilson inquired of Dr. Middleton in early September of 2020 whether she was still experiencing the dizziness and confusion symptoms.

25.     Christel House, through Noel Wilson, informed Dr. Middleton that her job performance was unsatisfactory beginning in mid-September of 2020, and that if her performance did not improve, she would be placed on a Performance Improvement Plan (PIP).  During her time at Christel House, Dr. Middleton never received any performance evaluations, nor was she ever informed that her job performance was lacking.

26.     On October 22, 2020, Ms. Wilson sent Dr. Middleton a lengthy email detailing the perceived deficiencies in Dr. Middleton's job performance.  Dr. Middleton contends that she performed well in all of the detailed areas, and blame was placed upon her for technological problems within Christel House and the Indiana Department of Education.

27. Dr. Middleton admits missing a small number of meetings and work deadlines, but these memory lapses were directly due to her medical condition.

28. Dr. Middleton was terminated from Christel House three weeks after this email from Ms. Wilson, allegedly for a combination of work performance issues and financial issues within Christel House.

29. Christel House terminated Dr. Middleton without engaging in the interactive process in good faith and denied (or ignored) her request for assistance in completing her job duties.

## FIRST CLAIM FOR RELIEF

### (Disability Discrimination/Harassment/Failure to Accommodate)

### (In Violation of 42 USC § 12111 et. seq.)

30. All previous paragraphs are incorporated as if fully set forth herein.

31. At all times relevant, Plaintiff suffered from medical conditions which substantially limited one or more major life activities, namely thinking and concentrating, and was a qualified individual with a disability as defined by the Americans with Disabilities Act.

32 Plaintiff has a record of a physical disability that substantially limits one or more of her major life activities and/or is regarded as having such an impairment pursuant to the Americans with Disabilities Act.

33. As more fully set forth above, Plaintiff was qualified to work for Defendant with a reasonable accommodation, and initiated the interactive process of requesting such a reasonable accommodation.

34. Defendant, in violation of the Americans with Disabilities Act, refused to engage in the interactive process with Ms. Middleton by not even offering to make any reasonable accommodations that would enable Plaintiff to perform her job successfully.

35. The accommodation which Plaintiff requested, namely some part-time assistance, would not have imposed undue hardship upon Defendant.

36. Defendant thus failed to engage in the interactive process in good faith.

37. Plaintiff Morgan Middleton endured an adverse employment action, that of termination from her position as Special Education Teacher at Defendant.

38. As a direct and proximate result of Defendant's violation of the Americans with Disabilities Act, Middleton has suffered lost wages, lost benefits, humiliation, embarrassment, lost employment opportunities, and loss of self-esteem in an amount in excess of $10,000 and to be determined at trial. Therefore, Middleton seeks all legal and equitable remedies available at law.

39. Defendant's above referenced acts were fraudulent, malicious, oppressive and done with the intent to harm Middleton. Consequently, Middleton seeks an award of punitive damages in an amount sufficient to punish and deter Defendant from harming others similarly situated.

40. Middleton has been forced to procure the services of an attorney to represent her in this matter and she is entitled to his attorneys' fees and costs as a result of Defendant's acts pursuant to 42 U.S.C. §12205.

## **RELIEF**

WHEREFORE, Plaintiff requests judgment in her favor against Defendant and that the following be awarded:

1. For a trial by jury;

2. For compensatory and punitive damages;

3. Prejudgment interest;

4. Reasonable attorneys' fees and costs; and

5. Such other relief the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and questions so triable.

Dated this 16th day of August, 2021.

Respectfully submitted,

/s/ Mary H. Kinas_____
Mary H. Kinas, Esq.
Indiana State Bar No. # 34484-29
KINAS LAW OFFICE LLC
Attorney for Plaintiff Morgan Middleton